Morgan, J.
In the summer of 1872 several persons were arrested in the parish of West Feliciana, charged with the murder of one Haile. Thomas H. Hewes was employed by the accused as their attorney. In that capacity he appeared at their preliminary examination, which resulted in their being admitted to bail. Having furnished the required bond, they were released from custody.
At the March term of the district court indictments were found against them.
In the meanwhile Hewes was made judge of the district. He recused himself. The district attorney, on the part of the State, moves that he be ordered to proceed with the trial. He contends that as section 1067 of the Revised Statutes declares that “ any judge may be recused or may recuse himself in criminal cases, if said judge be connected by blood or marriage with any person charged with any offense against *226 the laws of the State,” and inasmuch as the judge is in no way related to the accused, he can not recuse himself.
The section in question does not, in our opinion, repeal the article 338 of the Code of Practice, the second paragraph of which says that the judge being related to one of the parties to the suit within the fourth degree, and the third paragraph of which declares that his haying been employed or consulted as an advocate in the cause is a good ground for his recusation.
The section 1067 of the Revised Statutes simply changes the degree of relationship which gives rise to the right and duty of a judge recusing himself. In civil matters he may be recused when related to either party within the fourth degree. In criminal matters he may be recused or may recuse himself, if he be connected by blood or marriage with the accused in any degree.
Our brother was right to recuse himself. One can not be counsel and. judge in the same case.
The rule is dismissed.